IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ADAM M. MILLER,

Plaintiff,

v.

RICH GIROUX, *et al.*,

Defendants.

ORDER

Case No. 26-cv-989-wmc

Plaintiff Adam M. Miller has submitted a certified inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. The court must now determine whether plaintiff qualifies for indigent status and, if so, calculate an initial partial payment of the filing fee.

Even when a prisoner litigant qualifies for indigent status, the litigant must prepay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement, I have calculated plaintiff's initial partial payment to be $12.36. For this case to proceed, plaintiff must submit this amount on or before November 9, 2026.

Plaintiff has filed a letter, dkt. 9, which I construe as a motion for an order directing prison officials to allow the plaintiff to withdraw $12.36 from his release account to make the initial partial payment. I will deny the motion.

Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the *in forma pauperis* statute, 28 U.S.C. § 1915, must pay a $350 filing fee, first by making an initial partial payment under § 1915(b)(1), and then by paying the remainder of the filing fee in monthly installments under § 1915(b)(2). If a prisoner does not have sufficient funds in a regular account to make the initial partial payment, then the prisoner may withdraw funds

from a release account. However, prison officials will first withdraw funds from the prisoner's regular account, up to the full amount of the initial partial assessment, and then withdraw funds from his release account to pay any portion of the initial partial assessment that remains. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). This court has no authority to order prison officials to give plaintiff the option to use release account funds to pay the initial partial assessment.

ORDER

IT IS ORDERED:

1. Plaintiff Adam M. Miller is assessed an initial partial payment of $12.36. Plaintiff must submit a check or money order payable to the clerk of court by November 9, 2026, or advise the court in writing why plaintiff is not able to make the initial partial payment.

2. No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

3. If plaintiff fails to make the initial partial payment by November 9, 2026, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice. If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing

that he is entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 21st day of October, 2026.

BY THE COURT:

s/

ANDREW R. WISEMAN
United States Magistrate Judge